# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036

Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Thomas C.C. Childs
Counsel
Direct Dial: +1 212 556 2167
tchilds@kslaw.com

December 4, 2023

The Honorable John P. Cronan
United States District Judge
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re: In re Application of Refinería de Cartagena S.A.S. for an order directing discovery from Mason Capital Management, L.L.C., Case No. 23-mc-00455

Dear Judge Cronan:

We represent Refinería de Cartagena S.A.S. ("Reficar") in connection with its application pursuant to 28 U.S.C. § 1782 to take discovery from Mason Capital Management, L.L.C. ("Mason") for use in foreign restructuring proceedings (the "Application"). We write to raise certain scheduling matters that arise as a result of this Court's order of today's date (i) granting Mason's request for leave to file an opposition to the Application by December 18, 2023, and (ii) allowing Reficar to file a reply by December 26, 2023. *See* ECF 12.

As explained in the Application, Reficar seeks discovery from Mason for use in foreign restructuring proceedings currently pending in England and the Netherlands. *See* ECF 2 at 13-14. On February 8 to 15, 2024, the English court will hold the so-called "Sanction Hearing," at which it will decide whether to approve the debtor's proposed restructuring plan, *see id.* at 8, and Reficar must identify any evidence that it will use to challenge the proposed plan by January 22, 2024. Moreover, Reficar will require at least four days to review any documents or deposition testimony that it obtains from Mason pursuant to this Court's decision on the Application. Accordingly, Reficar will need to obtain the requested discovery from Mason not later than January 18, 2024, in order to be able to use it in the English proceedings.

December 4, 2023
Page 2

In view of the foregoing, Reficar respectfully requests that the Court set a hearing on the Application for a date not later than January 5, 2024, and that it direct Mason to address any objections that it may have to the subpoenas attached to the Application in its opposition brief to be filed on December 18, 2023. Reficar further respectfully requests that, if the Court grants the Application, it order Mason to comply with the document subpoena by not later than January 12, 2024, and with the deposition subpoena by not later than January 17, 2024.

As Reficar explained in the Application (ECF 2 at 19-20), the Court of Appeals for the Second Circuit has made clear that: (i) in evaluating a § 1782 petition, a district court "should assess whether the discovery sought is overly broad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure"; and (ii) "it is far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief outright." *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015). Accordingly, it would be entirely appropriate for this Court: (i) to direct Mason to address any objections that it may have to the scope of the subpoenas in its opposition to the Application; and (ii) to resolve any such objections when it issues its decision on the Application. Otherwise, if Mason is allowed both to oppose the Application and to file separate objections to the subpoenas after they are served, it will be impossible for Reficar to avail itself of the discovery in the English proceedings.

Respectfully,

 */s/ Thomas C.C. Childs*
Thomas C.C. Childs


For Electronic Filing