# KING & SPALDING

King & Spalding LLP
500 W. 2nd Street
Suite 1800
Austin, Texas 78701

Mike Stenglein
Direct Dial: +1 512 457 2003
mstenglein@kslaw.com

January 5, 2024

**Via CM/ECF**
Hon. John P. Cronan
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   In re *Application of Refinería de Cartagena S.A.S. for an Order Directing Discovery from Mason Capital Management, LLC pursuant to 28 U.S.C. § 1782*, Case No. 23-mc-00455

Dear Judge Cronan:

Pursuant to the Court's order at this afternoon's hearing, counsel for Applicant Refinería de Cartagena S.A.S. ("Reficar") and Respondent Mason Capital Management, LLC ("Mason") conferred with regard to a potential narrowing of the topics for the document and deposition subpoenas to be propounded by Reficar. The parties now jointly write to provide the update requested by the Court. (Tr. 40:24). The parties have not been able to reach an agreement on a narrowed set of discovery requests, and instead set forth below a proposal by Reficar for a narrowed request, and a counter-proposal by Mason.

Counsel for Reficar and counsel for Mason spoke at 3:45 p.m. EST. Counsel for Reficar suggested that rather than discuss the discovery topics, it might be more efficient for Reficar to send Mason a written proposal to narrow the discovery topics. Reficar sent the following written proposal to Mason at 3:49 p.m. EST:

**Reficar's Position:**

*Document Requests (June 1, 2022 through the present)*

*1. All non-privileged and non-work product documents related to any valuation placed on McDermott, CB&I UK and/or CB&I N.V. by Mason or its advisors or consultants.*

*2. All non-privileged and non-work product documents related to financial treatment of performance letters of credit by Mason or its advisors or consultants.*

*3. All non-privileged and non-work product documents concerning CB&I UK's proposed Relevant Alternative, including documents regarding consideration of options other than the Plan Company's Proposed Plan or the Relevant Alternative.*

### *Deposition* *(Limited to 4 hours)*

*1. Non-privileged and non-work product information related to any valuation placed on McDermott, CB&I UK and/or CB&I N.V. by Mason or its advisors or consultants.*

*2. Non-privileged and non-work product information related to financial treatment of performance letters of credit by Mason or its advisors or consultants.*

*3. Non-privileged and non-work product information concerning CB&I UK's proposed Relevant Alternative, including documents regarding consideration of options other than the Plan Company's Proposed Plan or the Relevant Alternative.*

*4. Information concerning all of the documents that are produced by Mason in response to Reficar's document subpoena."*

At 7:28 p.m. EST, Mason responded in writing with a counter-proposal, which is set forth below, and at 9:06 p.m. EST sent an email indicating that the final sentence of Mason's proposal had been inadvertently omitted, which is now set forth as the last line of Mason's position, below.

**Mason's Position**

### *Document Requests*

Mason Capital does not agree with Reficar's modified document requests, which substantially expand the document requests 1, 2 and 4 that Reficar submitted with its reply brief.

Mason Capital instead proposes that it produce any documents that are not privileged, work product, or subject to any other immunity from production:

- *From June 1, 2022 to September 7, 2023 responsive to Reficar's Reply Requests 1 and 2. Documents on those subjects beginning on September 8, 2023 shared between Mason and McDermott on valuation are protected by common interest.*

- *From September 8, 2023 (the date on which CB&I UK filed the UK restructuring proceeding where Relevant Alternative was put in issue), all documents responsive to Reply Request 4.*

### *Deposition*

Mason objects to the deposition sought by Reficar, which is now sought on subjects even broader than those set forth in its original application or as modified on reply, because while the proposed topics exclude privileged and work product information, the subjects described will be substantially protected by those doctrines and common interest, and the burden of properly preparing a witness to walk the line of what can and cannot be disclosed on those subjects will be unduly burdensome and extraordinarily difficult. In light of Mason Capital's agreement to produce non-privileged and non-work product documents on the subjects described, Mason Capital does not believe that a deposition imposing such burdens is justified. Moreover, it is now evident from Reficar's new proposed deposition topics that Reficar is seeking to use a fact witness deposition to obtain what is effectively expert testimony on valuation. Reficar and McDermott have already submitted expert reports and expert

Page 3

*testimony on that subject in the foreign proceedings, which provides an additional ground on which the Court should deny Reficar's request for a deposition here.*

Reficar responded at 8:12 p.m. by email, stating "Reficar cannot agree to Mason's proposal. Consequently, we attach for your review a draft joint letter to the court regarding the status of our attempts to confer on this matter and that we have not been able to reach an agreement." Reficar attached a draft of this status report which included Reficar's position, and included Mason's counterproposal on documents, but omitting what Reficar believed to be argument that went beyond the scope of what the Court requested in the "update on where things stand." (Tr. 41:10-11). Mason responded at 8:19 p.m. asking that Reficar include in the status report "what [Mason] sent [Reficar] in full" and suggested that if Reficar wanted to include the reasoning for its proposal, that was fine with Mason.

**Reficar's Position**

In response, and as counsel for Mason suggested in her e-mail of 8:19 p.m. EST that Reficar could, Reficar provides a brief rebuttal to Mason's arguments.

*First, Mason has not complied with the Court's instruction to "discuss limiting the scope of the deposition," (Tr. 41:6-7). While Reficar reduced the number of topics considerably and offered to also reduce the length of the deposition from seven hours to four, Mason simply "objected" on the basis of the same unsubstantiated burden that was repeatedly invoked during the hearing today. Mason has not provided any evidence of the burden and, importantly, even if it had, Mason certainly has not demonstrated that any supposed burden was disproportional to Reficar's need for the information to protect its $1.4 billion arbitration award. See Fed. R. Civ. P. 26(b)(2) ("the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues").*

*Second, Mason's most recent complaint, that Reficar "is seeking to use a fact witness deposition to obtain what is effectively expert testimony on valuation" concedes that even Mason understands that Reficar is seeking the information "for use" in a foreign proceeding. Reficar does not see how any standard related to Section 1782 proceedings limits use to fact or expert witnesses, nor has Mason offered any such argument.*

*Finally, Mason's cherry-picking of the document requests to which it will respond and the relevant dates cause Reficar to be concerned that Mason is carefully constructing requests that will not yield any documents, while simultaneously seeking to avoid the deposition on the basis that it might produce some documents. Reficar's proposal instead focuses on the three key areas identified during the hearing today while removing other requests even though Reficar believes they are legitimate areas of inquiry.*

**Mason's Position**

*Mason has not "cherry-picked" the document requests to which it will respond, but instead has agreed to produce documents on the subject areas Reficar represented during oral argument should be the focus of the narrowed request, namely valuation, letters of credit and Relevant Alternative, using Reficar's own document requests that Reficar put before the Court in its reply brief.*

**Reficar's Position**

*Reficar repeatedly noted during oral argument that it would limit its area of inquiry to three areas (i) valuation, (ii) letters of credit, and (iii) Relevant Alternative. The Reficar proposal noted above includes only those three topics.*

Reficar and Mason jointly thank the Court for its consideration.

Very Respectfully,


*/s/ Mike Stenglein*  /s/ Frances E. Bivens*
Mike Stenglein              Frances E. Bivens

Counsel for Reficar         Counsel for Mason